UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN BERNAL GARCIA,

Petitioner,

v. Case No.: 2:26-cv-01986-SPC-NPM

TODD M. LYONS *et al*,

Respondents,

_________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Juan Bernal Garcia's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Bernal Garcia is a native of Cuba who entered the United States in 1995 and became a lawful permanent resident. From 2001 to 2012, he was convicted numerous times. Immigration and Customs Enforcement ("ICE") took Barnal Garcia into custody on March 1, 2012, and an immigration judge ordered him removed to Cuba on March 22, 2012. ICE released him under an order of supervision on June 23, 2012. On March 11, 2026, ICE took custody of Bernal Garcia from the Turner Guiford Knight Jail in Miami—the record does not reflect why he was in jail. Bernal Garcia argues his detention is unlawful because ICE cannot remove him in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Bernal Garcia

carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2012, and no change in circumstances makes removal more likely now. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Bernal Garcia will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Bernal Garcia's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Juan Bernal Garcia's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Bernal Garcia poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Bernal Garcia may file a reply within three days of the supplemental response.
4. Because the government recently transferred Petitioner to a different facility and does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on September 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record